[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before the court on appellant's motion for reconsideration of this court's February 15, 2002 decision dismissing appellant's appeal for a lack of jurisdiction. Finding that the motion has merit, appellant's motion is granted.
R.C. 2953.08(C) states in pertinent part:
 "a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."
The record shows that appellant never sought leave in this court to pursue his appeal of his consecutive sentences. Appellant was sentenced to serve seven years in prison for robbery, his most serious offense. The maximum sentence he could have received for robbery, a second degree felony, was eight years. R.C. 2929.14(A)(2). Appellant was also sentenced to five years for the second degree felony of kidnaping. The order that the sentences be served consecutively therefore resulted in an aggregate prison term (twelve years) that exceeded the maximum amount of time the trial court could have imposed upon appellant for his most serious offense, robbery. Appellant's sole assignment of error stated:
 "THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED CONSECUTIVE SENTENCES TOTALING TWELVE (12) YEARS."
At first glance, it appears that R.C. 2953.08(C) and its leave requirement applies to appellant's appeal. Upon a closer review of appellant's argument, we conclude that appellant's appeal is more accurately classified as an appeal as of right pursuant to R.C.2953.08(A)(4) which states:
 "In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
"* * *
"The sentence is contrary to law."
A trial court's sentence is contrary to law if it imposes consecutive sentences without first making the requisite findings under R.C.2929.14(E)(4). Furthermore, the trial court must state the reasons upon which it based those findings. R.C. 2929.19(B)(2)(c). R.C. 2929.14(E)(4) states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Appellant first contends that the trial court considered improper factors in sentencing appellant. Specifically, appellant contends the court erred in considering the fact that after committing the offenses at issue in this case, appellant committed two robberies in Indiana and the fact that when appellant was arrested, police found explosive devices in his car and home.
Appellant contends that because, in the instant case, he was not being sentenced for the Indiana robberies or the possession of the explosive devices, the court erred in considering those facts when sentencing him in this case. We disagree. R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, may consider any other factors that are relevant to achieving the purposes and principles of sentencing. See State v.Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072, unreported.
The court, in reviewing appellant's Indiana robberies and his possession of explosives noted:
 "[Y]ou were methodical. You were violent. * * * Certainly it didn't occur once and then with guilt and remorse you stopped, but continued twice and then three times and at least four times. It certainly indicates that the defendant was not someone who was going to terminate his violence * * *"
R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are:
 "to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
We conclude that the court's consideration of appellant's uncharged yet undisputed ongoing conduct was not improper as it was clearly relevant to the issue of the public's safety.
Appellant next contends that the court's sentence was excessive in that appellant had never served a prison term. R.C. 2929.14(B) mandates that for a first-time offender, the trial court must impose the shortest prison term possible unless it finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others." The court made these express findings before sentencing appellant. Accordingly, appellant's second argument is without merit.
Appellant next contends that the court erred in sentencing appellant consecutively in that the court failed to expressly find on the record that "consecutive service is necessary to protect the public from future crime or to punish the offender." Rather, the court, in sentencing appellant consecutively, explained that the sentence was intended to "fulfill the purposes under R.C. 2929.11." As discussed above, the purposes under R.C. 2929.11 are "to protect the public from future crime by the offender and others and to punish the offender."
While it has been held that trial courts need not recite "talismanic" words when imposing criminal sentences, State v. Mirmohamed, (1998),131 Ohio App.3d 579, 584, it must be evident from the record that there was a sufficient factual basis to support appellant's sentence. Given the detailed factual statements made by the trial judge at appellant's sentencing, some of which have been quoted elsewhere in this decision, this court is satisfied that appellant's sentence was necessary to protect the public from any future crime and to punish appellant.
Finally, we reject appellant's argument that his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders as appellant has failed to provide this court with examples to support his argument. See Griffin Katz, Ohio Felony Sentencing Law (2001), 721, Text 9.13.
Accordingly, appellant's sentence was not contrary to law. Appellant's motion for reconsideration is granted and his sole assignment of error is found not well-taken as modified in this decision. Appellant's motion for leave to appeal is rendered moot. Costs to appellant.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.